NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-256

TREETOP RENTALS LLC

vs.

BELKIS BRITO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Belkis Brito, appeals from an order of a judge of the Housing Court denying her emergency motion to vacate the execution of a summary process judgment.  After acquiring a default judgment for possession, the plaintiff, Treetop Rentals LLC, evicted the defendant from a property in Lawrence, Massachusetts.  After being evicted, the defendant moved to vacate the judgment and be awarded damages, claiming that her Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the District of Massachusetts (bankruptcy court) imposed an automatic stay, pursuant to 11 U.S.C. § 362, that precluded execution of the judgment.  Because the defendant's bankruptcy petition was decided months before

judgment issued and execution took place, there was no automatic stay.  We affirm.

Background.  After obtaining title to the property at issue in a foreclosure sale, the plaintiff filed a summary process action against the defendant and her husband in March 2020.  While this summary process action was pending, the defendant filed for Chapter 7 bankruptcy in bankruptcy court, moving for discharge of her debt.  A bankruptcy judge determined that the defendant was not entitled to discharge and denied her motion on June 4, 2021.  Two months later, the United States Bankruptcy Appellate Panel for the First Circuit (bankruptcy appellate panel) summarily affirmed that decision.

On October 20, 2021, the Housing Court judge issued a default judgment, awarding the plaintiff possession of the property and money damages.  The following month, the Housing Court issued the plaintiff a writ of execution, allowing the plaintiff to evict the defendant from the property.  The defendant repeatedly objected to execution, filing multiple unsuccessful motions to stay.[1]  The plaintiff levied on the execution in December 2021.

---

[1] The defendant sought a stay of execution from a single justice of this court.  The single justice denied relief, ruling, "The defendant failed to appear at the summary process trial on October 13, 2021, without any valid excuse. . . . [T]he defendant has no reasonable possibility of prevailing on

Returning to the bankruptcy court, the defendant filed a motion seeking sanctions, arguing that the plaintiff violated 11 U.S.C. § 362 by executing the judgment for possession. The bankruptcy court denied the defendant's motion, finding that the automatic stay had terminated before issuance of the judgment or eviction. The bankruptcy appellate panel affirmed that decision.

Undeterred, the defendant filed the underlying motion in the Housing Court on December 2, 2022, requesting that the court "reverse the order of the execution which caused illegal eviction." After a hearing, the Housing Court judge denied the defendant's motion.[2] The defendant appeals from the order denying her motion.

Discussion. Motion to vacate. We review for an abuse of discretion the judge's order denying the motion to vacate the order of execution. See Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct.

_____

an appeal from the denial of her motion to remove the default judgment."

[2] The defendant requested a hearing on the motion for the court to consider "newly discovered evidence." During the hearing, the Housing Court judge and the parties referred to a memorandum issued by a bankruptcy judge dated November 8, 2022, which apparently concluded that the bankruptcy court lacked jurisdiction over claims arising out of damage caused by the plaintiff to the defendant's property during the eviction. That memorandum is not in the appellate record.

461, 472 (2012).  The defendant argues that the plaintiff's execution of the possession judgment was illegal because there was an automatic stay in place, by operation of 11 U.S.C. § 362, so the Housing Court judge was required by law to vacate the judgment.[3]  The argument is unavailing.

Debtors are entitled to an automatic stay of judicial proceedings, including summary process proceedings, upon the filing of a bankruptcy petition.  See 11 U.S.C. § 362(a).  See also Zoning Bd. of Appeals of Wellesley v. Ardemore Apartments Ltd. Partnership, 436 Mass. 811, 817 (2002) (Superior Court action and foreclosure sale stayed by bankruptcy filing).  But that stay is not indefinite.  In Chapter 7 bankruptcy proceedings for individuals, an automatic stay ends at "the time a discharge is granted or denied."  11 U.S.C. § 362(c)(2)(C).

In this case, an order denying the defendant's discharge entered on June 4, 2021.  That order terminated the automatic stay.  See, e.g., Barraford v. T & N Ltd., 17 F. Supp. 3d 96, 104 (D. Mass. 2014) (automatic stay terminated on date that defendants were granted discharge).  In these circumstances, the judge properly denied the defendant's motion.

---

[3] Because the eviction took place in December 2021 and the defendant no longer lives at the property, granting a stay of execution would have had no effect.  We do not consider whether the Housing Court had the power to grant the relief requested, which was to "reverse the order of the execution."

4

Ethical violations.  The defendant argues that the clerk-magistrate of the Northeast Housing Court "knowingly delay[ed] the transmission of the records from the lower court to the court of appeal for three years," and the judge committed error by permitting that to happen.  We find no support in the record for this assertion.  This appeal is from the judge's January 4, 2023 order denying the defendant's motion to vacate the execution.  The record before us reflects that the clerk assembled the record and transmitted notice about fifteen days after the defendant filed a transcript of the motion hearing; this complied with the duties of the clerk under Mass. R. A. P. 9 (e), as appearing in 481 Mass. 1615 (2019).

Order dated January 4, 2023, affirmed.

By the Court (Desmond, Grant & Hodgens, JJ.[4]),

Clerk

Entered:  April 16, 2025.

---

[4] The panelists are listed in order of seniority.